## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**JEROME DUVALL, et al.,**                    *

    **Plaintiffs,**                         *

        **v.**                              *        **Civil Action No. JFM-94-2541**

**PARRIS N. GLENDENING, et al.,**             *

    **Defendants.**                         *

    *    *    *    *    *    *    *    *    *    *    *    *

### STIPULATION AND ORDER REGARDING ACCESS TO AND CONFIDENTIALITY OF MEDICAL RECORDS

WHEREAS the parties have stipulated that certain discovery material be treated as confidential; Accordingly, IT IS this _____ day of _____, 2004, by the United States District Court for the District of Maryland, ORDERED:

    1.  **Purpose of this Agreement.**   The purpose of this agreement is to facilitate discovery and the presentation of evidence regarding medical records of members of the plaintiff class, while preserving the confidentiality of the identity of such class members.

    **2. Plaintiffs' Access to Medical Records.**  Plaintiffs' counsel are permitted to have access to class members' and former class members' medical records that are disclosed through the discovery process, or that are disclosed to plaintiffs' counsel pursuant to medical releases. Any class or former class member who makes a written request shall be excluded from this grant of access to medical records.

    **3. Designation of Discovery Materials as Confidential.**   Documents that contain medical information about a particular identified class member, whether obtained through

discovery or through medical releases, are deemed to be confidential.  Documents from which all

information disclosing the identity of the class member has been removed are not deemed to be

confidential.  Counsel for the parties shall not disclose or permit the disclosure of any documents

or information designated as confidential under this Order to any other person or entity, except as

provided in this Order.

(a) Disclosure may be made to counsel and employees of counsel for the parties

who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such

employee to whom counsel for the parties makes such a disclosure shall be provided with a copy

of, and become subject to, the provisions of this Order requiring that the documents and

information be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those

persons, if any, specifically engaged for the limited purpose of making photocopies of

documents.  Prior to disclosure to any such court reporter or person engaged in making

photocopies of such documents, such person must be informed of and agree in writing to be

subject to the provisions of this Order requiring that the documents and information be held in

confidence.

(c) Disclosure may be made to consultants, investigators or experts (hereinafter

referred to collectively as "expert") employed by the parties or counsel for the parties to assist in

the preparation and trial of the lawsuit.  Prior to disclosure to any expert, the expert must be

informed of and agree in writing to be subject to the provisions of this Order requiring that the

documents and information be held in confidence.

(d) Disclosure may be made to the Court.

2

**4. Use of Confidential Information.**  Disclosure of confidential information may only be made for the purpose of advancing this litigation.

**5. Medical Information Filed With Court.**  Any medical records or other documents containing medical information that identifies a specific class member filed or used in the litigation will either (1) be filed entirely under seal, or (2) will have the names and identifying information redacted, with a key to their identities submitted to the Court and opposing counsel. To the extent that any materials subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portions thereof which disclose confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous motion pursuant to L. R. 104.13(c) (hereinafter the "Interim Sealing Motion").  The Interim Sealing Motion shall be governed by L. R. 105.11.  Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 7 of this Order.

**6. Party Seeking Greater Protection Must Obtain Further Order.**  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by ¶ 3 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**7. Challenging Designation of Confidentiality.**  A designation of confidentiality may be challenged upon motion.  The burden of proving the confidentiality of designated information remains with the party asserting the confidentiality.

**8. Confidential Material at Conclusion of Litigation.**  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation.

WE CONSENT:

*Attorneys for Defendants*:

_____
Stuart M. Nathan (Fed. Bar # 03116)
Assistant Attorney General
6776 Reisterstown Road, Suite 312
Baltimore, Maryland 21215
(410) 585-3070


_____
Glenn Marrow (Fed. Bar # 23731)
Assistant Attorney General
6776 Reisterstown Road, Suite 312
Baltimore, Maryland 21215
(410) 585-3070
(410) 764-5366 (fax)

_____
Stephanie Lane-Weber (Fed. Bar # 00023)
Assistant Attorney General


_____
David P. Kennedy (Fed. Bar # 07957)
Assistant Attorney General

200 St. Paul Place
Baltimore, Maryland 21202
(410) 576-6340
(410) 576-6880 (fax)


_____
William F. Brockman (Fed. Bar # 26576)
Assistant Attorney General
200 St. Paul Place
Baltimore, MD 21202
(410) 576-7055
(410) 576-6955 (fax)

*Attorneys for Plaintiffs*:

_____
Frank Dunbaugh (Fed. Bar # 07803)
744 Holly Drive North
Annapolis, MD 21401
410-974-0555
410-757-2921 (fax)

_____
Elizabeth Alexander (admitted pro hac vice)
National Prison Project of the ACLU
733 15th Street, N.W., Suite 620
Washington, D.C. 20005
202-393-4930
202-393-4931 (fax)


_____
Sally Dworak-Fisher (Fed. Bar. # 27321)
Wendy Hess (Fed. Bar # 26120)
Public Justice Center
500 E. Lexington St.
Baltimore, MD 21202
410-625-9409
410-625-9423 (fax)

Deborah Jeon (Fed. Bar # 06905)
American Civil Liberties Union Foundation
Meadow Mill at Woodberry
3600 Clipper Mill Road, Suite 350
Baltimore, MD 21211
410-889-8555
410-366-7838 (fax)


_____
J. Frederick Motz
United States District Judge

5