# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>J. FREDERICK MOTZ<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0782<br>(410) 962-2698 FAX |

October 5, 2005

Memo To Counsel Re: Jerome Duvall, et al. v. Robert L. Ehrlich, Jr., et al.
Civil No. JFM-94-2541

Dear Counsel:

As I mentioned during the conference held last week, I have now read the authorities you have cited in connection with your respective arguments concerning defendants' document request number 9. I am satisfied that Judge Grimm's decision in *Musselman v. Phillips*, 176 F.R.D. 194 (D. Md. 1997), is correct and that as a general rule parties must produce to their opponents attorney work product information communicated to their testifying experts relied upon by the experts in formulating their opinions. (I say "as a general rule" because it might be that in a particular case involving pure opinion work product I would seek to redact such work product if there were an alternative practical means to comply with the letter and spirit of Rule 26(a)(2)(B)).

Accordingly, I have reviewed the materials submitted to me by plaintiffs' counsel for the purpose of determining whether any of the materials should be disclosed to the defendants. I have concluded that there is nothing in these materials (other than underlying documents provided by defendants to plaintiffs that are attached to several emails) upon which any of plaintiffs' experts would have relied in forming their opinions. Therefore, none of the materials need be produced by plaintiffs to defendants. Of course, if I am incorrect and a particular expert did rely upon data or information in the emails other than that contained in the attachments, the expert's written report disclosed pursuant to Rule 26(a)(2)(B) should state what that data or information is.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge