## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEROME DUVALL,** *et al.* | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL NO.: ELH-94-2541** |
| **v.** | : | |
| | : | |
| **MARTIN O'MALLEY,** *et al.,* | : | |
| **Defendants.** | | |

…o0o…

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Unopposed Motion for Approval of Amendment to Partial Settlement Agreement, ECF No. 458, and Brief in Support, ECF No. 458-1, that Plaintiffs Jerome Duvall, *et al.* filed.  Defendants Martin O'Malley, *et al.* have not filed a response, and the time for doing so has passed.  *See* Loc. R. 105.2.a.  On December 6, 2011, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me to "conduct[] a class action fairness hearing and proceedings pertaining to the settlement agreement of the parties."  ECF No. 449; *see* ECF No. 441.  Having conducted the hearing on April 17, 2012, and for the reasons stated on the record in open court and incorporated herein by reference, I recommend that, following the time to object to this Report and Recommendation, Plaintiffs' Unopposed Motion for Approval of Amendment to Partial Settlement Agreement be GRANTED.

By way of background, this case is a class action, certified pursuant to Fed. R. Civ. P. 23(b)(2), *see* Proposed Order, ECF No. 460, involving "conditions of confinement at the Baltimore City Detention Center ('BCDC'), which is operated by the State of Maryland."  Pls.' Br. 1.  The parties entered into a Partial Settlement Agreement ("PSA") on April 6, 2010, which

"resolved all substantive issues, with the exception of protection from heat injury for detainees who, because of classification policies of the BCDC, were not eligible for the temperature-controlled housing made available to most detainees whom medical services classified as at high risk of heat injury." *Id.* at 3. The parties continued their settlement negotiations and, on October 31, 2011, agreed to resolve the final issue through a First Amendment to the PSA ("PSA Amendment"), *id.*, which is now before the Court for approval. As summarized by Plaintiffs, the PSA Amendment provides:

> Defendants [will] make available to H-1 detainees [those at high risk of heat injury], in the absence of new and unanticipated population pressures, a total of approximately 600 beds in housing areas in which temperature and humidity are controlled below dangerous levels. Defendants' new efforts in this regard include installing air-conditioning equipment . . . in . . . the units used to house detainees confined in the Men's Detention Center ("MDC") of the BCDC who have special medical or mental health needs, as well as . . . install[ing] portable air-conditioning equipment for one of the dormitories in the area used to house male juveniles.

*Id.* at 3 (citations to PSA Amendment omitted). Additionally, the PSA Amendment includes provisions "to ensure the protection of detainees vulnerable to heat injury" and "extends the expiration date of the PSA from April 6, 2012, to June 30, 2013. *Id.* at 3–4 (citations to PSA Amendment omitted).

Plaintiffs filed a Motion for Approval of Amendment to Partial Settlement Agreement and Notice to the Class on November 22, 2011, ECF No. 446. The Court granted preliminary approval to the PSA Amendment; approved the notice that the parties proposed; provided instructions pursuant to which it ordered Defendants to provide the notice to class members; and scheduled the April 17, 2012 hearing to consider whether to grant final approval to the PSA Amendment. ECF No. 454.

To approve a proposed settlement that would bind class members, such as the PSA Amendment, the Court first must conduct a hearing and make a finding that the proposed settlement "is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); *see In re Jiffy Lube Securities Litigation*, 927 F.2d 155, 158 (4th Cir 1991).  In reviewing a settlement for fairness under Rule 23(e), the Court may consider the following factors:  "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of . . . class action litigation."  *Id*. at 159.    As to adequacy, the Court may consider the following factors, *id*.:

> (1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement.

At the fairness hearing on April 17, 2012, I considered, *inter alia*, the posture of the case at the time of settlement, the circumstances of the negotiations, the adequacy of the relief in comparison to the relative strength of the parties' cases, the lack of opposition to the settlement from the class, and the recommendation of Plaintiffs' counsel.  For the reasons stated on the record and incorporated by reference herein, I find that, pursuant to the Court's Order of January 5, 2012, members of the class were provided with appropriate notice of the PSA Amendment; and the PSA Amendment is fair, adequate, and reasonable.  Therefore, I recommend that the Court approve the PSA Amendment.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

A proposed Order follows.


Dated: <u>April 18, 2012</u>                                    <u>              /s/                    </u>
                                                              Paul W. Grimm
                                                              United States Magistrate Judge


lyb

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JEROME DUVALL,** *et al.* | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL NO.: ELH-94-2541** |
| **v.** | : | |
| | : | |
| **MARTIN O'MALLEY,** *et al.*, | : | |
| **Defendants.** | | |

…o0o…

## ORDER APPROVING AMENDMENT TO PARTIAL SETTLEMENT AGREEMENT

This case involves a class of all persons held in custody at the Baltimore City Detention Center, certified pursuant to Fed. R. Civ. P. 23(b)(2). On April 17, 2012, United States Magistrate Judge Paul W. Grimm held a hearing to determine whether the Court should approve the parties' proposed Amendment to the Partial Settlement Agreement previously approved by the Court.

Pursuant to Fed. R. Civ. P. 23(e) and for the reasons stated in the Report and Recommendation that Judge Grimm submitted on April 18, 2012, the time for filing objections to the Report and Recommendation having passed, the Court finds that, pursuant to its Order of January 5, 2012, members of the class were provided with appropriate notice of the parties' proposed amendment to the Partial Settlement Agreement. The Court further finds, after consideration of the evidence in the record and the arguments of counsel, that the proposed Amendment to the Partial Settlement Agreement is fair, adequate, and reasonable. In making these findings, the Court has considered the posture of the case at the time of settlement, the circumstances of the negotiations, the adequacy of the relief in comparison to the relative strength of the parties' cases, the lack of opposition to the settlement from the class, and the

recommendation of Plaintiffs' counsel.  Therefore, the Court approves the proposed amendment

to the Partial Settlement Agreement.

_____
Ellen Lipton Hollander
United States District Judge