IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME DUVALL, et al. | * | |
| | * | |
| v. | * | Civil No. JFM-94-2541 |
| | * | |
| MARTIN O'MALLEY, ET AL. | * | |
| | ***** | |

MEMORANDUM

Plaintiffs have filed a motion seeking a determination that they are prevailing parties and the defendants are liable for their attorneys' fees. The issues have been fully briefed. The motion is denied.

I.

The following short chronology may be useful in understanding the issues.

| | |
|---|---|
| November 1972 | Admission by defendants (including State officials) "that the Baltimore City Jail is now overcrowded and that the State of Maryland and City of Baltimore are responsible for alleviating overcrowded conditions at the Jail" |
| 1972 and 1978 | Entry of consent decrees in *Duvall v. Lee* and *Collins v. Schoonfield* |
| 1991 | The State of Maryland assumes responsibility for running the Baltimore City Detention Center (formerly the Baltimore City Jail) |
| 1993 | Entry of consent decree |
| 1996 | Passage of the Prison Litigation Reform Act ("PLRA") |
| 1999-2004 | Litigation concerning whether the 1993 consent decree should be terminated under the PLRA |
| 2004-2010 | Discovery and settlement negotiations conducted |
| April 6, 2010 | This court's approval of a class action Partial Settlement |

|  |  |
|---|---|
|  | Agreement ("PSA") |
| April 9, 2012 | This court's approval of an amendment to the class action ("PSA Amendment") |

II.

Plaintiffs seeks to recover attorneys' fees in connection with the litigation concerning the termination of the 1993 Decree, the discovery in which they engaged, and the settlement negotiations leading to the PSA and PSA Amendment.

The PLRA requires that in order for attorneys' fees to be recoverable, a constitutional violation be found. The 1993 Consent Decree, the PSA, and the PSA Amendment expressly provide that defendants are not admitting any Constitutional violations. Thus, plaintiffs may not recover attorneys' fees under the PSA, the PSA Amendment, or the 1993 Consent Decree. Instead, plaintiffs contend that they are entitled to recover attorneys' fees because the fees were "directly and reasonably incurred in enforcing the relief ordered for the violation." PLRA, 42 U.S.C. §1997e(d)(1)(B)(ii). According to plaintiffs, the violations giving rise to the relief that they are attempting to enforce were made by the Court in the 1970s. Although plaintiffs take the position that State officials can be held liable for the attorneys' fees as successor defendants or as intervening defendants, plaintiffs point out that State officials were from the outset defendants in *Duvall v. Lee*.

Several factors persuade me that plaintiffs are not entitled to attorneys' fees. First, the passage of time between the 1970s, when the Constitutional violations were found, and the dates on which the PSA and PSA Amendment were approved, is vast. Second, although plaintiffs are correct in their assertion that State officials were originally defendants in *Duvall v. Lee*, the State officials' alleged role in contributing to the overcrowded conditions at the Baltimore City Jail

arose not from any management responsibilities the State was under at the Jail (as indicated above, the State did not assume responsibility for running the institution until 1991), but from the fact that State defendants were housed at the jail, thus contributing to the overcrowded conditions. This problem has long since been rectified. Third, the State and its officials have steadfastly maintained since the State did assume responsibility for running BCDC in 1991 that no Constitutional violations have been committed. Fourth, it is not clear to me that negotiation of the PSA and the PSA amendment, which provides for additional improvements at the BCDC, constitute "enforcement" of the constitutional violation found to exist in the 1970s. These factors, considered together, persuade me that the relief obtained by plaintiffs in the PSA and the PSA Amendment cannot be fairly traced to the constitutional violations found in the 1970s.

     Although I am denying the request for attorneys' fees, I want to express my appreciation to plaintiffs' counsel for the public service they have performed in persuading the State to make the improvements to BCDC called for in the PSA and the PSA Amendment. It is a truism that a civilized society is measured, in part, by the manner in which it treats those who are the least powerful. Although the State itself and its lawyers are themselves to be commended for agreeing to make the improvements called for in the PSA and the PSA Amendment, unquestionably the highly professional efforts of plaintiffs' counsel throughout this litigation played a critical role in the process of having the improvements effectuated. That fact alone, however, does not entitle me to ignore the intent Congress has expressed in the PLRA.

Date: December 10, 2012           /s/
                                          J. Frederick Motz
                                          United States District Judge