IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME DUVALL, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. ELH-94-2541 |
| LAWRENCE HOGAN, *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT (¶ 32)**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Raymond F. Patterson, M.D., the mental health Monitor designated in the Settlement Agreement (ECF 541-2, ¶ 32), has tendered his resignation. Declaration of David C. Fathi, filed herewith ("Fathi dec."), Exh. 1. Paragraph 32 of the Settlement Agreement requires that "[i]f any of the Monitors ceases to function as Monitor before the termination of this Settlement Agreement, the parties shall confer in an attempt to agree upon a successor monitor." ECF 541-2, ¶ 32. Because Defendants have unfortunately declined to engage in this process, Plaintiffs file this motion seeking an order compelling Defendants to do so.

## STATEMENT OF FACTS

On May 14, 2021, Dr. Patterson tendered his resignation as mental health Monitor, effective June 30, 2021. Fathi dec., Exh. 1. In his letter of resignation, Dr. Patterson recommended three psychiatrists as possible replacement mental health Monitors, including Pablo Stewart, M.D. *Id.*

On June 30, Plaintiffs wrote to Defendants, invoking the requirements of ¶ 32 of the Settlement Agreement and asking if Defendants would agree to Dr. Stewart as the new mental

health Monitor.  Fathi dec., Exh. 2.  Nearly a month later, Defendants have failed to respond to this simple question, despite repeated follow-up requests by Plaintiffs.

On July 15, having received no response to their June 30 letter, Plaintiffs wrote to Defendants, asking for a response and reminding them that "[t]he parties need to act promptly to replace Dr. Patterson as mental health Monitor in order to avoid delaying the Fall 2021 monitoring cycle."  Fathi dec., Exh. 3.  That same day, Defendants responded, "[w]e have been looking into your recommended choice and exploring other qualified individuals. I expect to let you know something next week [that is, the week of July 19]."  Id.  Despite this representation by Defendants, no response was received by Plaintiffs the week of July 19, and none has been received to date.

On July 21, Plaintiffs wrote to Defendants, asking yet again for a response to their June 30 letter.  Id.  Defendants once again declined to state whether they would agree to Dr. Stewart, and revealed for the first time that they "are engaged in talks with another prospective candidate. … The candidate understands that the defendants need to communicate with you about selecting a monitor this week [that is, the week of July 19]."  Id.  In response to Plaintiffs' inquiry, Defendants refused to identify this candidate, or to state whether he or she is among the candidates recommended by Dr. Patterson.  Id.  Plaintiffs have received no further communication from Defendants about this matter, and have still received no response to their nomination of Dr. Stewart.  Fathi dec., ¶ 5.

**ARGUMENT**

This Court has repeatedly recognized its power to enforce the Settlement Agreement.  See ECF 674, 684, 723.  Defendants' stubborn refusal, despite repeated requests, to engage with Plaintiffs regarding their nomination of a possible replacement monitor cannot be reconciled with the mandatory requirement of ¶ 32 that the parties "shall confer in an attempt to agree upon a successor monitor." Nor is Defendants' inexplicable refusal even to identify the candidate with whom they are communicating, or to state whether that candidate is among those recommended by Dr. Patterson,

consistent with the Settlement Agreement's requirements. Once again, Defendants' conduct unfortunately requires the Court's intervention.

## CONCLUSION

For all of these reasons, the Court should order Defendants to immediately confer in good faith with Plaintiffs regarding a replacement mental health Monitor, including (1) responding to Plaintiffs' nomination of Dr. Stewart, and (2) identifying any and all candidates with whom Defendants are discussing the Monitor position.

Dated: July 27, 2021                                Respectfully submitted,

/s/David C. Fathi
David C. Fathi

David C. Fathi*
ACLU National Prison Project
915 15th St., NW, 7th Floor
Washington, D.C. 20005
202-548-6603
dfathi@aclu.org
*Admitted pro hac vice.
Not admitted in DC; practice limited
to the federal courts.

Corene T. Kendrick*
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
202-393-4930
ckendrick@aclu.org
*Admitted pro hac vice

Elizabeth Alexander
Law Offices of Elizabeth Alexander
1416 Holly St., N.W.
Washington, D.C. 20012
202-291-3774
ealexander@
lawofficesofelizabethalexander.com

Debra Gardner
Public Justice Center
201 North Charles St., Ste. 1200
Baltimore, MD 21201-4116
410-625-9409
gardnerd@publicjustice.org
Federal Bar No. 24239

*Counsel for Plaintiffs*