IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME DUVALL, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. ELH 94-2541 |
| LAWRENCE HOGAN, *et al.* | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE

Lawrence Hogan, Governor of Maryland ("Governor"), Robert L. Green ("Secretary") of the Department of Public Safety and Correctional Services ("the Department"), and Michael Resnick, Commissioner ("Commissioner") of the Division of Pretrial Detention and Services ("DPDS"), defendants, through their attorneys, Brian E. Frosh, Attorney General of Maryland, and Laura Mullally, Assistant Attorney General, respond to the plaintiffs' motion to enforce, ECF No. 738, and state:

**INTRODUCTION:**

Raymond Patterson M.D., who has served as the mental health monitor in the above-entitled case since 2016, submitted his resignation on May 14, 2021. *See* ECF No. 738-2. The resignation was effective June 30, 2021. As part of his resignation letter, Dr. Patterson forwarded the names of three psychiatrists to step into his shoes as mental health monitor. *Id*. Plaintiffs have stated that they are prepared to agree upon only one of Dr. Patterson's recommendations: Pablo Stewart M.D. ECF No. 738-2. The plaintiffs have not suggested

any additional candidates.

Paragraph 32 of the Settlement Agreement allows for the parties to confer and attempt to agree upon an successive mental health monitor. ECF No 572-2. There is no requirement in the Agreement that the departing monitor take on a role in the selection of his replacement, or that the parties choose from the short list of successor submitted by Dr. Patterson. There is no requirement in the Agreement that the defendants accept or reject the plaintiffs' preferred candidate prior to the conference. There is also no timeline established by the Agreement for negotiating or hiring a replacement monitor. *Id.* The Settlement Agreement requires a monitor to review evidence of compliance and assess progress. *Id.,* at Paragraph 38. Currently, there is no requirement that a monitor make an on-site inspection at the Baltimore City Booking and Intake Center ("BCBIC"). *Id.,* at Paragraph 38(a), (b).

Since Dr. Patterson's resignation, the defendants have had multiple discussions with four qualified psychiatrists. *See* Declaration of Laura Mullally, attached hereto as Exhibit A. Two had conflicts of interest. *Id.* The remaining two wished to review the Settlement Agreement, and prior monitoring reports written by the medical and psychiatric monitor prior to committing to a monitoring project. *Id.* One of the psychiatrists sought to review the quality improvement and root cause analyses data. *Id.* The psychiatrist would not commit until she had a greater understanding of the status of the case. *Id.* Both psychiatrists were parties to a series of telephone calls with either undersigned counsel, or Lynda Bonieskie Ph.D., the Department's Director of Mental Health. *Id.* Until both of these psychiatrists agreed to be considered, the defendants were reluctant to reveal anything

about them to the plaintiffs in the event that the psychiatrists did not wish to be chosen. *Id.* Undersigned counsel asked for plaintiffs' counsel's patience on July 22, 2021. ECF No. 738-2.

Since the filing of plaintiffs' motion, the defendants have put forth the names of the two additional psychiatrists for consideration. Exhibit A. The parties have scheduled a Zoom mediation for August 17, 2021. *See* email between counsel for the parties, dated August 10, 2021, attached hereto as defendants' Exhibit B.

**ARGUMENT:**

A "case or controversy" must exist through "all stages" of litigation. *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (quoting *Alvarez v. Smith,* 558 U.S. 87, 92 (2009)). At present, there is nothing for this Court to decide. The defendants have complied with the preliminary requirements for the replacement of a court-appointed monitor, and the conference is scheduled. The issues raised by plaintiffs' motion is moot. A case becomes moot "'when the issues presented are no longer live.'" *Already, LLC,* 568 U.S. at 91 (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982) (per curiam)) (internal quotation marks removed). The Court should dismiss the motion, because it cannot grant the relief sought by the plaintiffs.

The parties now have three candidates under consideration for the monitoring position. The parties are scheduled to confer on replacing Dr. Patterson on August 17, 2021. Exhibit B. It makes little sense to the defendants to negotiate with plaintiffs over a single candidate, Dr. Stewart, when the Settlement Agreement requires the parties to consider the following four factors in combination with one another: 1) the candidate's

experience in the relevant discipline in a corrections setting; 2) the candidate's professional qualifications; 3) the candidate's potential biases; and 4) the reasonableness of fees and proposed monitoring plain.  ECF no. 572-2, Paragraph 32; *see also* Exhibit A.  The defendants are prepared to discuss these factors with the plaintiffs while the parties negotiate the  proposed candidates on August 17, 2021.  If that effort fails, the defendants are prepared to pursue the sets set forth in Paragraph 33 of the Agreement.

### CONCLUSION:

The defendants respectfully request that the Court dismiss the plaintiffs' motion.  An appropriate Order is attached.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/

_____
LAURA MULLALLY
Assistant Attorney General
Bar No. 28145
6776 Reisterstown Road, Suite 311
Baltimore, MD  21215
temporary number:  443-204-0675
*laura.mullally@maryland.gov*

Attorneys for the defendants