IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME DUVALL, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. ELH-94-2541 |
| LAWRENCE HOGAN, *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STIPULATION AND [PROPOSED] ORDER**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs and Defendants, through their respective counsel, agree and stipulate as follows:

1. Paragraph 39 of the Settlement Agreement in this case (ECF 541-2) provides:

   > For purposes of this Settlement Agreement, "substantial compliance" means that the Commissioner has achieved: (a) full compliance with the components of the relevant substantive provision of this Settlement Agreement; or (b) sufficient compliance with the components of the relevant substantive provision of this Settlement Agreement such as to remove significant threat of constitutional injury to the plaintiff class posed by any lack of compliance with the components of that substantive provision. For purposes of this Settlement Agreement, a "substantive provision" means the requirements set forth in a single numbered paragraph in Section III of this Settlement Agreement.

2. The court-appointed Monitors in this case may provide an informal assessment of Defendants' compliance with lettered subparagraphs of the numbered paragraphs in Section III of this Settlement Agreement. However, a finding of substantial compliance with a lettered subparagraph of a numbered paragraph shall be of no legal effect until the entire numbered paragraph has achieved "substantial compliance" as defined in Paragraph 39.

3. Similarly, the court-appointed Monitors may provide an informal rating of "partial compliance" with a lettered subparagraph or a numbered paragraph of this Settlement Agreement. However, a finding of "partial compliance" shall be of no legal effect until the entire numbered paragraph has achieved "substantial compliance" as defined in Paragraph 39.

4. No party shall be required to serve or file a challenge under Paragraph 41 of the Settlement Agreement in order to preserve an objection to a finding of substantial compliance with a lettered subparagraph of a numbered paragraph as described in ¶ 2 above, or a finding of "partial compliance" as described in ¶ 3 above.

Agreed and stipulated this 17th day of November, 2022.

Respectfully submitted,

/s/ Laura Mullally
Laura Mullally, Bar No. 28145
Stuart Nathan
Office of the Attorney General of Maryland
6776 Reisterstown Rd., Ste. 311
Baltimore, MD 21215
(443) 204-0675
laura.mullally@maryland.gov
stuart.nathan@maryland.gov

*Counsel for Defendants*

/s/ David C. Fathi
David C. Fathi*
ACLU National Prison Project
915 15th St., NW, 7th Floor
Washington, D.C. 20005
(202) 548-6603
dfathi@aclu.org
*Admitted pro hac vice*
*Not admitted in DC; practice limited to the federal courts*

Corene T. Kendrick*
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
(202) 393-4930
ckendrick@aclu.org
*Admitted pro hac vice*

Debra Gardner
Public Justice Center
201 North Charles St., Ste. 1200
Baltimore, MD 21201
(410) 625-9409
gardnerd@publicjustice.org
Federal Bar No. 24239

*Counsel for Plaintiffs*

**IT IS SO ORDERED.**

_____
Hon. Ellen Lipton Hollander
United States District Judge


November \_\_\_\_\_, 2022.