IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME DUVALL, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 94-cv-02541-MJM |
| WES MOORE, *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' MOTION TO MODIFY THE SETTLEMENT AGREEMENT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In light of Defendants' chronic and substantial noncompliance with numerous provisions of the Settlement Agreement (ECF 541-2), and pursuant to the Court's inherent power, and its authority under Fed. R. Civ. P. 60(b) to modify the Settlement Agreement, Plaintiffs respectfully move this Court for an order granting the following relief:

1. That the expiration date of the Settlement Agreement is extended to June 30, 2026.

2. That Defendants shall achieve two consecutive monitoring cycles of substantial compliance with each substantive provision of the Settlement Agreement by the dates set forth below:

   a. Paragraph 17:    December 31, 2025

   b. Paragraph 18:    December 31, 2025

   c. Paragraph 19:    June 30, 2025

   d. Paragraph 20:    December 31, 2024

   e. Paragraph 21:    December 31, 2024

   f. Paragraph 22:    December 31, 2024

   g. Paragraph 23:    June 30, 2025

      h.    Paragraph 24:         December 31, 2024

      i.    Paragraph 25:         June 30, 2025

3. That Defendants shall achieve substantial compliance with all substantive provisions of the Settlement Agreement no later than June 30, 2026, pursuant to the definitions set forth in Paragraphs 34-42 of the Settlement Agreement. As set forth in Paragraph 38(d) of the Settlement Agreement, this means that the Court Monitors must find Defendants in substantial compliance with every substantive provision of the Settlement Agreement for the two monitoring cycles covering: (1) January-June 2025, and (2) July-December 2025.

4. That Plaintiffs shall be entitled to reasonable fees and costs for monitoring compliance with the substantive provisions of this Settlement Agreement in an amount not to exceed $30,000 per year as long as the Settlement Agreement is in effect. All other provisions of the Settlement Agreement pertaining to fees and costs shall remain unchanged.

This motion is supported by a Memorandum in Support of Plaintiffs' Motion to Modify the Settlement Agreement filed herewith.

Dated: May 31, 2024

Respectfully submitted,

*/s/ Jennifer Wedekind*
David C. Fathi (Wash. 24893)*
Jennifer Wedekind (D.C. 1012362)**
ACLU National Prison Project
915 15th St. NW, 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@aclu.org
jwedekind@aclu.org

Corene T. Kendrick (Cal. 226642)**
ACLU National Prison Project
425 California St., Ste. 700
San Francisco, CA 94104
(202) 393-4930
ckendrick@aclu.org

Debra Gardner, No. 24239
Public Justice Center
201 North Charles St., Ste. 1200
Baltimore, MD 21201
(410) 625-9409
gardnerd@publicjustice.org

Toyja E. Kelley, Sr., No. 26949
Locke Lord LLP
701 8th Street, N.W., Ste. 500
Washington, DC 20001
(202) 220-6939
Toyja.Kelley@lockelord.com

Noah Mason (Tenn. 034341)**
Locke Lord LLP
Terminus 200, Ste. 2000
3333 Piedmont Rd. NE
Atlanta, GA 30305
(404) 870-4648
noah.mason@lockelord.com

Aditi Deal (Tex. 24119780)**
Locke Lord LLP
600 Travis Street, Ste. 2800
Houston, TX 77002
(713) 226-1435
aditi.deal@lockelord.com

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

*Counsel for Plaintiffs*