**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JEROME DUVALL**, *et al.*, | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | **Civ. No. MJM-94-2541** |
| **v.** | * | |
| | * | |
| **WES MOORE**, *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \*

**ORDER**

For the reasons stated during the hearing on December 21, 2024, and pursuant to the Court's equitable authority and authority to enforce the Settlement Agreement, it is this  23rd  day of December, 2024, by the United States District Court for the District of Maryland, hereby ORDERED

1. Defendant's Motion to Alter or Amend Order (ECF No. 909) is GRANTED;

2. The Court's Order to Preserve Evidence (ECF No. 892) is altered as follows: Defendants shall continue to maintain IMHU out-of-cell time logs and IMHU count sheets for a period of three years after creation;

3. Plaintiffs' Motion to Compel and for Sanctions (ECF No. 894) is GRANTED, in part;

4. The Commissioner SHALL PRODUCE as to the following categories of requested documents:

    (A)   All records and documents kept in the normal course of business or operation that Defendants have provided to the court-appointed Monitors;

    (B)   Inpatient Mental Health Unit ("IMHU") count sheets;

    (C)   Death records of class members who died in custody, including death summaries, mortality reviews, and autopsy reports;

5. Production of documents in subparagraph 4(A) above that have not previously been produced to Plaintiffs shall be produced forthwith and, going forward, shall be made contemporaneously with the Commissioner's production of any such documents to Monitors, pursuant to Paragraph 36.a of the Settlement Agreement;

1

6. The Commissioner's obligation to produce IMHU count sheets, death summaries, and mortality reviews is SUSPENDED until further order of the Court;

7. Defendants shall file an affidavit by January 6, 2025, to address (a) whether any IMHU count sheets have been preserved or destroyed; and (b) the burden of producing three months of IMHU count sheets;

8. Plaintiffs may file a response to the affidavit referenced in paragraph 5 above by January 20, 2025;

9. After a reasonable conference of counsel seeking consent or agreement, Defendants shall file any motion for a protective order for death records, with a proposed order, no later than January 20, 2025;

10. Plaintiffs' Motion for a Scheduling Order for Selection of a New Court-Appointed Medical Monitor (ECF No. 901) and Motion for Leave to File Reply Regarding Plaintiffs' Nominations for Court-Appointed Medical Monitor is (ECF No. 935) are GRANTED nunc pro tunc;

11. The Court appoints Dr. Muthusamy Anandkumar, M.D., M.B.A., CHCQM, CCHP as the Medical Monitor;

12. The parties shall file a joint status report on Dr. Anandkumar's appointment by February 14, 2025;

13. Defendants shall complete payment pursuant to the Court's August 21, 2024, Order awarding Plaintiffs' attorney's fees (ECF No. 911) no later than January 31, 2025;

14. The following briefing schedule shall apply to Plaintiffs' request for interim deadlines for compliance with mental health provisions of the Settlement Agreement:

    (A)     Plaintiff shall file a proposed timeline for compliance by January 17, 2025;

    (B)     Defendants' may respond by January 31, 2025; and

    (C)     Plaintiffs may reply by February 14, 2025.

It is so ORDERED.

                /S/
                Matthew J. Maddox
                United States District Judge